1    **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

9    Robert J. Behrens,                    )    No. CV 06-2070-PHX-EHC
                                            )
10              Plaintiff,                  )    **ORDER**
                                            )
11   vs.                                    )
                                            )
12                                          )
     Janice Lynn Behrens,                   )
13                                          )
                Defendant.                  )
14                                          )
                                            )
15   _____       )

16

17

18          Plaintiff proceeding pro se commenced this action by filing a Complaint on August

19   28, 2006 (Dkt. 1).  Plaintiff also filed a Motion to Proceed In Forma Pauperis (Dkt. 2) which

20   the Court denied in an Order filed on October 27, 2006 (Dkt. 7).  It appears that Plaintiff has

     paid the filing fee.

21          The Court has entered four Orders in this case denying Motions filed by Plaintiff,

22   including motions seeking entry of default or default judgment against the Defendant (See

23   Orders at Dkt. 14,  18, 34, 39).  Some form of pleading, however, has been served on

24   Defendant.  Defendant, represented by counsel, has filed an Answer (Dkt. 64) and a Motion

25   to Dismiss this case for failure to state a claim for relief based on Fed.R.Civ.P. 12(b)(6) (Dkt.

26   65).

27

28

1        In her Motion to Dismiss, Defendant argues that Plaintiff has not only failed to state

2    a claim but has failed to file a Complaint with the Court.  Defendant further argues that this

3    action has been maliciously filed stemming from a 1999 divorce proceeding that resulted in

4    a decree and that this Court lacks subject matter jurisdiction (Dkt. 65).

5        Defendant's Motion to Dismiss was filed on September 28, 2007 (Dkt. 65).  Plaintiff

6    has not filed a Response to the Motion to Dismiss and the time for filing a Response has

7    passed.  LRCiv. 12.1, 56.1.

8        Plaintiff has filed the following motions which are presently pending on the docket:

9    Motion which discusses contempt but does not appear to be addressed to a party (Dkt. 43);

10   Motion for Contempt (Dkt. 51); Motion for Order setting a Rule 16 [Fed.R.Civ.P.] Case

11   Management Conference (Dkt. 57); Motion for Default Judgment as to Defendant (Dkt. 58);

12   Motion to Continue which seeks a continuance related to return of service (Dkt. 59); Motion

13   to Set Pretrial Conference (Dkt. 60); Motion to Amend/Correct which seeks a pretrial

14   conference setting (Dkt. 62); Motion for Enlargement of Time and for Warrant Apprehension

15   which seeks the setting of a deadline to respond to written interrogatories and the issuance

16   of a warrant of apprehension against the Defendant (Dkt. 66); an "Amendment Request"

17   which seeks the setting of a pretrial conference and trial date (Dkt. 67); and, a Motion which

18   does not seek any relief but which includes a page from a legal treatise (Dkt. 74).  Plaintiff

19   also has moved to file information under seal.

20       Defendant has filed a  Motion for Rule 11 Sanctions against Plaintiff (Dkt. 69) and

21   a Motion to Strike Plaintiff's Motion for Enlarged Time and Warrant Apprehension (Dkt.

22   70).  Plaintiff has filed a Motion to Strike these Motions and Response filed by Defendant

23   (Dkt. 75).

24       The allegations of a pro se plaintiff are liberally construed.  Andrews v. Cervantes,

25   493 F.3d 1047, 1055 (9th Cir. 2007).  A complaint must provide fair notice of a plaintiff's

26   claims and the grounds on which they rest. Conley v. Gibson, 355 U.S. 41, 47 (1957).  There

27   must be factual allegations sufficient to raise at least an inference regarding the elements of

28

1    a claim. <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1043 (9th Cir. 2005). A court must accept all

2    allegations of material fact as true and construe them in the light most favorable to the

3    plaintiff. <u>Id.</u> at 1040.  A complaint  should not be dismissed for failure to state a claim unless

4    it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that

5    would entitle him to relief. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002).

6    Fed.R.Civ.P. 12(b)(6).

7         The Court has reviewed the allegations set forth in Plaintiff's Complaint.  Plaintiff

8    appears to assert violations of several Arizona criminal statutes.  Plaintiff alleges authority

9    under "the colors of his Military Uniform with the Military Police 860th Company" regarding

10   an investigation which commenced on or about August 22, 2004.  Plaintiff appears to seek

11   "penalties and fines" but has not included a specific claim for money damages. Plaintiff

12   further alleges, "And the Supreme Court of California Where judgment was taken without

13   due process of the law or upon false proof of service of process of a defendant who was at

14   the time of the alleged service beyond the territorial jurisdiction of the courts, ... ."  Attached

15   to the Complaint are various documents, including a police report, a deed of trust and court

16   papers that show the names of Plaintiff and Defendant, and copies of Arizona criminal

17   statutes (Dkt. 1).

18        To the extent that Plaintiff has attempted to assert a claim against Defendant for

19   violation of Arizona Criminal Statutes, "[n]o private citizen, however personally aggrieved,

20   may  institute criminal proceedings independently. ..." <u>State of Arizona v. Lamberton</u>, 899

21   P.2d 939, 942 (Ariz. 1995)(citing <u>Dix v. Superior Court</u>, 807 P.2d 1063, 1066 (Cal.Sup.Court

22   1991)).

23        Moreover, the Court does not have subject matter jurisdiction over this case.  Plaintiff

24   and Defendant both appear to be citizens of Arizona.  Plaintiff's Complaint shows that he has

25   an Arizona address.  An Affidavit regarding attempted Service shows Defendant as having

26   an Arizona address (Dkt. 6). (See also Dkt. 55 - Affidavit of Service showing Arizona

27   addresses for Plaintiff and Defendant).  Title 28, United States Code, Section 1332 demands

28

1 | complete diversity, such that no plaintiff may be a citizen of the same state as any defendant.

2 | See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337 (11th Cir.

3 | 2002).  See also, Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)(for

4 | complete diversity to exist, a plaintiff "must be a citizen of a different state than each of the

5 | defendants").

6 | Plaintiff has not asserted any claim based on violation of a federal statute.  Plaintiff

7 | has not cited any basis for federal jurisdiction in the Complaint.  A district court has an

8 | obligation to inquire *sua sponte* into its subject matter jurisdiction, and the court may proceed

9 | no further if such jurisdiction is wanting.  County of Santa Clara v. Astra USA, Inc., 401 F.

10 | Supp. 2d 1022, 1030 (N.D. Cal. 2005).

11 | Defendant's Motion to Dismiss will be granted.  All pending motions will be denied.

12 | Accordingly,

13 | **IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. 65) is granted.

14 | **IT IS FURTHER ORDERED** that Plaintiff's pending Motions, including, Motion

15 | regarding Contempt (Dkt. 43); Motion for Contempt (Dkt. 51); Motion for Order Setting a

16 | Rule 16 [Fed.R.Civ.P.] Case Management Conference (Dkt. 57); Motion for Default

17 | Judgment as to Defendant (Dkt. 58); Motion to Continue (Dkt. 59); Motion to Set Pretrial

18 | Conference (Dkt. 60); Motion to Amend/Correct (Dkt. 62); Motion for Enlargement of Time

19 | and for Warrant Apprehension (Dkt. 66); Motion/ "Amendment Request" (Dkt. 67); Motion

20 | (Dkt. 74); Motion to Strike (Dkt. 75), and any motion requesting to file information under

21 | seal, are denied as moot.

22 | **IT IS FURTHER ORDERED** that the Clerk of Court shall return to Plaintiff any

23 | information submitted for filing under seal

24 | **IT IS FURTHER ORDERED** that Defendant's Motion for Rule 11 Sanctions (Dkt.

25 | 69) and Motion to Strike Plaintiff's Motion for Enlarged Time and Warrant Apprehension

26 | (Dkt. 70) are denied as moot.

27 | //

28

1

2       **IT IS FURTHER ORDERED** that this case is dismissed.

3       DATED this 12th day of December, 2007.

4

5       _____

6                           Earl H. Carroll
                      United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                            - 5 -